IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AFY, INC., f/k/a Ainsworth Feed Yards Company, Inc.<br><br>Debtor. | )<br>)<br>)<br>)<br>) | CASE NO. 10-40875<br><br>Chapter 11 |

ORDER AUTHORIZING AND APPROVING (A) ASSUMPTION OF EXECUTORY
CONTRACTS FOR SALE OF REAL ESTATE, (B) THE SALE OF REAL ESTATE
FREE AND CLEAR OF LIENS AND OTHER INTERESTS, (C) THE PAYMENT OF
CLOSING AND OTHER CUSTOMARY COSTS FROM SALE PROCEEDS, AND
(D) THE PAYMENT OF THE PROCEEDS

This matter is before the Court upon the Motion dated May 7, 2010 (the "Motion") of Joseph H. Badami, Trustee of AFY, INC., f/k/a Ainsworth Feed Yards Company, Inc. ("Debtor") seeking the entry of an Order pursuant to sections 363 and 365 of the United States Bankruptcy Code (Title 11 of the United States Code) and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to perform the following:

a. Authorize the Trustee to assume each of the Auction Purchase Agreements (as defined in the Motion) as executory contracts with no cure requirements;

b. Authorize the Trustee to sell, under the terms and provisions of the applicable Auction Purchase Agreements to the stated purchaser, or to allow assignment of the agreement to another purchaser, free and clear of all liens, encumbrances, claims and interests, with all attaching to the proceeds of sale in the order of their relative priorities ("Sale");

c. Authorize the Trustee to utilize sale proceeds to pay the auctioneer's commission, taxes and expenses and to pay other reasonable and necessary expenses of Sale that are ordinarily and customarily paid from such a sale at closing;

d. Authorize the Trustee to either (a) apply the net proceeds towards the payment of liens, encumbrances, claims, and interests affecting the real estate in the order of

1

their relative priorities as the pertinent parties identified on the attached title insurance commitments may agree, or (b) hold the net proceeds in escrow pending further order of this Court.

The Court has examined the Motion and the Exhibits attached thereto and has been fully advised of the relevant facts and circumstances surrounding the Motion; sufficient notice has been given in accordance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules; the Court has completed a hearing on the date hereof (the "Sale Hearing") and based on the foregoing and the record presented to the Court,

THE COURT HEREBY FINDS THAT:

  A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  B. The statutory predicates for the relief sought in the Motion are sections 363 and 365 of the United States Bankruptcy Code and Bankruptcy Rules 6004 and 6006.

  C. Proper, adequate and sufficient notice of the Motion, the Sale Hearing, and the assumption and assignment of the executory contracts has been provided, and such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion, the Sale Hearing, the Sale or the assumption and assignment of executory contracts is or shall be required.

  D. As demonstrated by (i) the evidence proffered or received at the Sale Hearing, and (ii) the representation of counsel made on the record at the Sale Hearing, the Trustee has, in all material respects, complied with the procedures required for this Order.

  E. The Trustee has full power and authority to close the Auction Purchase Agreements and execute all related documents and the consummation of the transactions contemplated by the Auction Purchase Agreements.

F.  Approval of the Auction Purchase Agreements and consummation of the transaction contemplated by the Auction Purchase Agreements at this time are in the best interests of the Debtor, their creditors, their estates, and other parties in interest.

G.  The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization.

H.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

I.  The Auction Purchase Agreements were based upon an auction process and entered into by the parties without collusion, in good faith, and from arm's length bargaining positions. The purchasers are good faith purchasers under 11 U.S.C. § 363(m) and, as such, are entitled to all of the protections afforded thereby. The purchasers will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Auction Purchase Agreements at all times after the entry of this Sale Order. Neither the Trustee nor the purchasers have engaged in any conduct that would cause or permit the Auction Purchase Agreements to be avoided under 11 U.S.C. § 363(n).

J.  The consideration to be provided by the purchaser for the land, fixtures and equipment affixed thereto pursuant to the Auction Purchase Agreements (i) is fair and reasonable, (ii) was the highest and best offer at an auction, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

3

K.  The Sale must be approved and consummated promptly in order to preserve the value of the auction because the land that was auctioned generally consists of farm ground that must be ready for planting in the immediate future.

L.  The Trustee may sell the land, fixtures and equipment affixed thereto free and clear of all interests because one or more of the standards set forth in 11 U.S.C. § 363(f) has been satisfied.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is granted, as described herein. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, overruled, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

**Authorization to Perform Under the Auction Purchase Agreements**

2.  The Trustee is authorized to perform his obligations and to take all necessary and appropriate actions to consummate the Auction Purchase Agreements and the terms and conditions thereof.

3.  The Trustee is authorized to execute and deliver, and empowered to perform under, consummate and implement the Auction Purchase Agreements, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Auction Purchase Agreements, and to take all further actions as may be requested by the purchaser for the purpose of assigning, transferring, granting, conveying and conferring to purchaser or reducing to possession, the land and items, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Auction Purchase Agreements.

**Transfer of Land, Fixtures and Equipment Affixed Thereto**

4.  Pursuant to 11 U.S.C. §363(f), the land, fixtures and equipment affixed thereto shall be transferred to the purchaser, and upon consummation of the Auction Purchase

4

Agreements (the "Closing"), shall be free and clear of all liens, encumbrances, claims and interests of any kind or nature whatsoever. The liens of the Debtor's secured creditors shall attach to the sale proceeds except for amounts necessary to pay the fees and expenses of the Trustee. The Trustee is authorized and directed, upon the Closing, to retain or escrow any amounts required by the Trustee to pay Trustee fees and expenses.

5. Except as otherwise specifically provided by the Auction Purchase Agreements or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding claims or interests of any kind or nature whatsoever against or in the Debtor or the land, fixtures and equipment affixed thereto (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the land and items, the Debtor or its operations or activities prior to the Closing, or the transfer of the land, fixtures and equipment affixed thereto to the purchaser, hereby are forever barred and estopped from asserting against the purchaser, its successors or assigns, its property, or the land and items, such persons' or entities' claims or interests.

**Additional Provisions**

6. The consideration provided by the purchaser for the land, fixtures and equipment affixed thereto under the Auction Purchase Agreements shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The consideration provided by the purchaser for the land, fixtures and equipment affixed thereto under the Auction Purchase Agreements is fair and reasonable and may not be avoided under Section 363(n) of the Bankruptcy Code.

7. All entities who are presently, or at the time of the Closing may be, in possession of some or all of the land, fixtures and equipment affixed thereto are hereby directed to surrender possession of the land, fixtures and equipment affixed thereto to the purchaser on the Closing Date.

8. This Court retains jurisdiction to enforce and implement the terms and provisions of the Auction Purchase Agreements, all amendments thereto, any waivers and consents there under, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to:

   a. Compel delivery of the land, fixtures and equipment affixed thereto to the purchaser,

   b. Resolve any disputes arising under or related to the Auction Purchase Agreements, except as otherwise provided therein,

   c. Interpret, implement, and enforce the provisions of this Order, and

   d. Protect the purchaser against any claims and interests in the Debtor or the land and items, of any kind or nature whatsoever, attaching to the proceeds of the Sale.

9. Nothing contained in any plan of reorganization or liquidation confirmed in these cases or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Auction Purchase Agreements or the terms of this Order.

10. The transactions contemplated by the Auction Purchase Agreements are undertaken by the purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the purchaser, unless such authorization is duly stayed pending such appeal. In the absence of a stay pending appeal, if the purchaser elects to close under the Auction Purchase Agreements at any time after

entry of this Order, then, with respect to the Sale, the purchaser is a purchaser in good faith of the land and items, and is entitled to all of the protections of section 363(m) of the Bankruptcy Code if this Sale Order or any authorization contained herein is reversed or modified on appeal.

11. The Auction Purchase Agreements and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

12. This Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Federal Rule of Bankruptcy Procedure 6004(h) is waived. Time is of the essence in closing the transaction and the Trustee and the purchasers intend to close the Sale as soon as possible. Therefore, any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk their appeal being foreclosed as moot.

Dated: May 1*4*, 2010.

_____
United States Bankruptcy Judge