IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT A. SEARS and SEARS CATTLE COMPANY, | ) ) ) | 8:10CV214 |
| Appellants, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| JOSEPH H. BADAMI, Chapter 11 Trustee, | ) ) ) ) | |
| Appellee. | ) ) | |
| | ) | Bankruptcy Case No. 10-40875 |
| IN RE AFY, INC., | ) ) | |
| Debtor. | ) ) | |

    Appellee has filed a motion to dismiss this bankruptcy appeal as moot. The motion, which is resisted by Appellants, will be granted with respect to all issues presented by the notice of appeal that was filed on June 1, 2010 (bankruptcy court filing 147; district court filing 1). Two additional notices of appeal were filed by Appellant Robert A. Sears, together with Korley B. Sears, on July 29, 2010 (bankruptcy court filing 218; district court filing 29), and September 8, 2010 (bankruptcy court filing 254; district court filing 38), respectively. These notices were received by this court on September 10, 2010, and were subsequently docketed in this case. The appeal will proceed as to these new notices.

    The original notice of appeal concerns an order the bankruptcy court entered on May 14, 2010, granting a motion filed by the Chapter 11 Trustee (Appellee) pursuant to 11 U.S.C. §§ 363 and 365. Among other things, the order authorized the

Trustee (1) to assume an executory contract for the sale of a feed yard and associated farmland that was auctioned off pre-petition as a single tract (designated as "Tract 1"), and (2) to consummate the sale.[1] The order was not stayed.

Appellant Sears Cattle Company is a Nebraska corporation that owned an undivided interest in two of the numerous parcels of land that were included in the auction purchase agreement for Tract 1. Appellant Robert A. Sears is the president of Sears Cattle Company. On May 28, 2010, the bankruptcy court ordered Appellants to implement the May 14th order by deeding the corporation's interests in Tract 1 to the purchaser. Appellants also challenge this order on appeal, plus all other orders related to the sale of Tract 1.

On June 17, 2010, this court was notified the Trustee had reported to the bankruptcy court that "all of the sales of real estate of the Debtor [AFY, Inc.] have now been closed." (Filing 17.) Shortly thereafter, the Trustee filed the motion to dismiss the appeal as moot, contending that the Bankruptcy Code will prevent the completed sale from being set aside.

There is ample support for the Trustee's position. As stated recently by the Eighth Circuit Court of Appeals in *United States v. Asset Based Resource Group, LLC*, 612 F.3d 1017, 1091 n. 2 (8th Cir. 2010) (holding that appeal from district court's approval of foreclosure agreement in receivership case was mooted by sale of property to good faith purchaser):

> This court has consistently applied this [mootness] principle in the bankruptcy context. *See Nieters v. Sevcik (In re Rodriquez)*, 258 F.3d 757, 759 (8th Cir.2001) (per curiam) ("In bankruptcy appeals, the 'finality rule' within 11 U.S.C. § 363 (1994) prevents the overturning of

---

[1] There were a total of eight auction purchase agreements. Appellant Sears Cattle Company was a party to two of the agreements (Tracts 1 and 4). The initial notice of appeal is only concerned with the sale of Tract 1. The second notice of appeal concerns the distribution of proceeds from the sale of Tract 4.

2

a completed sale to a good-faith purchaser in the absence of a stay."); *Official Comm. of Unsecured Creditors v. Trism, Inc.* (*In re Trism, Inc.*), 328 F.3d 1003, 1006 (8th Cir.2003) ("Section 363(m) protects the reasonable expectations of good faith third-party purchasers by preventing the overturning of a completed sale, absent a stay, and it safeguards the finality of the bankruptcy sale."); *In re Paulson*, 276 F.3d at 392 ("[S]ales in bankruptcy cases are not subject to modification by an appellate court unless the appellant receives a stay pending appeal."), quoting *In re Rodriquez*, 258 F.3d at 759.

"The reversal or modification on appeal of an authorization under subsection (b) or (c) of [11 U.S.C. § 363] of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m). The bankruptcy court specifically determined in the May 14th order that "[t]he transactions contemplated by the Auction Purchase Agreements are undertaken by the purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code," and also provided that "[i]n the absence of a stay pending appeal, if the purchaser elects to close under the Auction Purchase Agreements at any time after entry of this Order, then, with respect to the Sale, the purchaser is a purchaser in good faith of the land and items, and is entitled to all of the protections of section 363(m) of the Bankruptcy Code if this Sale Order or any authorization contained herein is reversed or modified on appeal." (Filing 3.)

"Section 363(m) moots any challenge to an order approving the sale of assets to a good faith purchaser where (1) no party obtained a stay of the sale pending appeal, and (2) reversing or modifying the authorization to sell would affect the validity of the sale or lease." *In re Polaroid Corp.*, 611 F.3d 438, 440-42 (8th Cir. 2010) (citing *In re Trism, Inc.*, 328 F.3d at 1006). Both conditions are satisfied in the present case. Consequently, the appeal will be dismissed as moot with respect to all issues presented by the first notice of appeal.

3

The second notice of appeal in this case (filing 29) concerns an order entered by the bankruptcy court on July 21, 2010, granting the Trustee's motion to pay funds from the sale of Tract 4 to a secured creditor. This appears to be a final, appealable order under 28 U.S.C. § 158(a)(1).

The third notice of appeal (filing 38) concerns an order entered by the bankruptcy court on September 2, 2010, granting the Trustee's motion to convert the Chapter 11 bankruptcy case into a Chapter 7 proceeding. This also appears to be a final, appealable order under 28 U.S.C. § 158(a)(1).

Appellants Robert A. Sears and Korley B. Sears have also filed a motion to stay the conversion order and have requested an expedited hearing on this motion (filing 33). After careful review, I conclude that the motion should be denied in all respects because Appellants have not shown a reasonable probability of success on the merits, nor have Appellants demonstrated that they will suffer irreparable injury unless the stay is granted. *See In re Perry*, 223 B.R. 167, 169 (8th Cir. BAP 1998) (discussing required showing for stay pending appeal). Because the issue presented by the third notice of appeal is a question of law, which appears to have been correctly decided by the bankruptcy court, a hearing would not be beneficial.

Accordingly,

IT IS ORDERED that:

1. Appellee's motion to dismiss (filing 18) is granted. A final judgment dismissing this bankruptcy appeal as moot with respect to all issues presented by Appellant's first notice of appeal (filing 1) will be entered at the conclusion of the case.

2. Appellants' motion for stay pending appeal and request for expedited hearing (filing 33) is denied.

3. Appellants shall file and serve a brief in support of the second and third notices of appeal (filings 29 and 38) within 21 days from the date of this order.

4. Appellee shall file and serve an opposing brief within 21 days after service of Appellants' brief.

5. Appellants may file and serve a reply brief within 14 days after service of Appellees' brief, after which time this case will be ripe for decision.

September 15, 2010.                    BY THE COURT:

                                                           *Richard G. Kopf*
                                                           United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.