IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT A. SEARS and KORLEY B. SEARS, | ) ) ) | 8:10CV214 |
| Appellants, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| JOSEPH H. BADAMI, Chapter 11 Trustee, | ) ) ) | |
| Appellee. | ) ) ) | |
| IN RE AFY, INC., | ) ) | Bankruptcy Case No. 10-40875 |
| Debtor. | ) ) ) | |

    Robert Sears and Korley Sears have jointly filed notices of appeal from two orders entered by the United States Bankruptcy Court for the District of Nebraska[1] in a voluntary Chapter 11 proceeding initiated by AFY, Inc. However, I question whether they have standing to prosecute either appeal.

    The first notice of appeal,[2] which was filed on July 29, 2010, in the bankruptcy court, but not until September 10, 2010, in the district court, states:

---

[1] Thomas L. Saladino, Chief Judge.

[2] An earlier notice of appeal was filed in the bankruptcy court on June 1, 2010, by Robert Sears and Sears Cattle Co. (Bankr.Ct. filing 147; Dist.Ct. filing 1). Although judgment has yet to be entered, I ordered the dismissal of that appeal as moot on September 15, 2010. (Dist.Ct. filing 39.)

> Robert A. Sears and Korley B. Sears, individually and on behalf of Sears Cattle Co., of which they are the sole directors, officers, and shareholders, and the Objectors in the proceedings below, appeal under 28 U.S.C. §(a) or (b) [sic] from the Order (Doc. No. 211) granting the Motion to Pay Funds (Doc. #169) by Joseph H. Badami, Chapter 11 Trustee, and overruling Objectors Objections (Doc. No. 197) entered on July 21, 2010.[3]

(Bankr.Ct. filing 218; Dist.Ct. filing 29.) This notice is defective to the extent that Robert Sears and Korley Sears purport to appeal on behalf of Sears Cattle Co.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Although the appellants' attorney, Jerrold L. Strasheim, entered an appearance on behalf of Sears Cattle Co. in an appeal from an earlier order of the bankruptcy court, he has not done so in this instance.[4] Consequently, Sears Cattle Co. is not a party to the appeal from the order granting the trustee's motion to pay funds. *See United States v. Van Stelton*, 988 F.2d 70 (8th Cir.1993) (per curiam) (corporation that was not represented by counsel was not party to appeal; corporation cannot appear pro se).

The order appealed from consists of a text entry on the bankruptcy court's docket sheet, which reads:

---

[3] A hearing on the motion to pay funds was held on July 21, 2010, but the bankruptcy court's order granting the motion was entered on July 22, 2010.

[4] The objection Mr. Strasheim filed with respect to the Chapter 11 trustee's motion to pay funds also was made only by Robert Sears and Korley Sears, although they purported to act "individually and on behalf of Sears Cattle Co." (Bankr.Ct. filing 197.)

2

> Order Granting Motion To Pay Funds Filed by Trustee Joseph H. Badami (Related Doc # 169 ). Hearing held 7/21/2010. James Overcash appeared for Joseph H. Badami, Trustee; Joseph H. Badami appeared as Trustee; Jerry L. Jensen appeared for the U.S. Trustee; Don Swanson, appeared for Creditors Rhett R. Sears Revocable Trust, Ron H. Sears Trust, Dane R. Sears, Rhett R. Sears, Ronald H. Sears; and Jerrold Strasheim appeared for Stockholders Korley B Sears, Robert A Sears. Evidence received: Declaration of Robert A. Sears (Fil. #204); Declaration of Joseph H. Badami, Trustee (Fil. #205); and Declaration of Joseph H. Badami (Fil. #137). Judicial Notice taken of (Fil. #90); Claim #19; and Adv. Proceeding A10-4062. The Motion to Pay Funds Filed by Trustee Joseph H. Badami (Fil. #169) is granted, the Objection (Fil. #197) is overruled. HEREBY ORDERED by Judge Thomas L. Saladino. (drs) (Entered: 07/22/2010)

(Bankruptcy filing 211.) The effect of the bankruptcy court's order was to authorize the Chapter 11 trustee to pay to a secured creditor, Farm Credit Services of America, the entire net proceeds from the sale of a tract of land which was jointly owned by Sears Cattle Co. and the debtor in bankruptcy, AFY, Inc.

Robert Sears and Korley Sears did not have direct ownership interests in the sold property. It must be questioned, therefore, whether they have standing to appeal the bankruptcy court's order. *See Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006) ("[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue.") (quotation omitted).

> "Ordinarily, a party to a lawsuit has no standing to appeal an order unless he can show some basis for arguing that the challenged action causes him a cognizable injury, *i.e.*, that he is 'aggrieved' by the order." *Yukon Energy Corp. v. Brandon Invs., Inc.* (*In re Yukon Energy Corp.*), 138 F.3d 1254, 1259 (8th Cir.1998) (quoting *Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir.1994)). "To appeal from an order of the bankruptcy court, appellants must have been directly and adversely affected

3

pecuniarily by the order." *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir.1996) (citations omitted). "This principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." *Id.* (citation omitted).

*In re Marlar*, 252 B.R. 743, 748 (8th Cir.BAP 2000), *aff'd*, 267 F.3d 749 (8th Cir. 2001). "Whether an appellant is a person aggrieved is a question of fact." *Id.*, at 749 (quoting *Fidelity Bank, Nat'l Ass'n*, 77 F.3d at 882).

Although I have not examined every filing in the bankruptcy case, I find no competent evidence that Robert Sears and Korley Sears are "persons aggrieved" by the bankruptcy court's order. I only find a conclusory statement in an affidavit submitted by Robert Sears in opposition to the trustee's motion to pay funds that "[p]ayment of proceeds by the Trustee to Farm Credit at this time for the debt of the primary Debtor, AFY, Inc., may result in the Estate of AFY, Inc. owning proceeds that Robert A. Sears, Korley B. Sears, or Sears Cattle Co. should end up owning." (Bankr.Ct. filing 204, ¶ 11.) This is inadequate proof of standing. The appellants further allege that "they are the sole directors, officers, and shareholders" of Sears Cattle Co., but they cannot appeal the bankruptcy court's order by asserting only a derivative interest. *See In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364-65 (6th Cir. 2002) (holding that shareholders must demonstrate a "direct, personal interest" in the bankruptcy court's order.)

The second notice of appeal filed by Robert Sears and Korley Sears concerns an order entered by the bankruptcy court which converted AFY, Inc.'s Chapter 11 reorganization into a Chapter 7 liquidation. The notice states:

> Robert A. Sears and Korley B. Sears appeal under 28 U.S.C. § 158 (a) or (b) from the September 2, 2010 Order (Doc. No. 243) granting the Trustee's Motion to Convert Case to Chapter 7 Proceeding (Doc. No. 207) filed by Joseph H. Badami, Chapter 11 Trustee.

4

(Bankr.Ct. filing 254; Dist.Ct. filing 38.)[5] The appellants contend that only the debtor, AFY, Inc., could move for conversion because it was engaged in farming operations and 11 U.S.C. § 1112(c) provides that "[t]he court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer . . ., unless the debtor requests such conversion."

In granting the trustee's motion for conversion over the appellants' objection, Judge Saladino stated:

> Hearing was held in Lincoln, Nebraska, on August 25, 2010, on the Chapter 11 trustee's motion to convert case to Chapter 7 (Fil.# 207), and the objection filed by Korley B. Sears and Robert A. Sears (Fil.# 224). James A. Overcash appeared on behalf of Joseph H. Badami, the Chapter 11 trustee; Jerry L. Jensen appeared on behalf of the United States Trustee; and Jerrold L. Strasheim appeared for Korley B. Sears ("Korley") and Robert A. Sears ("Robert").
>
> This Chapter 11 bankruptcy proceeding was filed on March 25, 2010. At that time, attorney Jerrold Strasheim represented Debtor, AFY, Inc. ("AFY"). Previously, Mr. Strasheim filed Chapter 11 proceedings as the attorney for Korley (Case No. BK10-40277-TLS) and Robert (Case No. BK10-40275-TLS). Disputes arose herein and in the cases of Robert and Korley as to who actually owned and/or controlled the voting rights of the shares of stock in AFY. The disputes were between Robert and Korley on the one hand and members of the Sears family on the other hand. Partly due to this dispute over the ownership and control of AFY, on April 29, 2010, this Court granted a motion to appoint a Chapter 11 trustee (Fil.# 81). Joseph H. Badami was subsequently appointed as the Chapter 11 trustee (Fil.# 90).

---

[5] This language is from an amended notice of appeal, which corrected a typographical error in the original notice of appeal. The original notice was filed in the bankruptcy court on September 7, 2010. (Bankr.Ct. filing 249.)

After inquiry by this Court regarding potential conflicts of interest in representing Robert and Korley individually, as well as AFY, Mr. Strasheim filed a motion to withdraw as attorney for AFY (Fil.# 119). On June 11, 2010, Mr. Strasheim's motion to withdraw was granted (Fil.# 160).

\* \* \*

The objection filed by Robert and Korley to the Chapter 11 trustee's motion to convert is, quite simply, irrelevant. They are not the debtor. The real and only question is whether AFY has requested conversion or at least consented to conversion. It is particularly important to note that AFY has *not* objected to the Chapter 11 trustee's motion to convert the case to Chapter 7. Further, no attorney has entered an appearance subsequent to Mr. Strasheim's withdrawal of representation of AFY.[6] Robert and Korley cannot now show up as the purported shareholders of AFY and begin exercising the rights and privileges of AFY. [FN1. By making an objection on behalf of the "shareholders" of AFY, Mr. Strasheim appears to be trying to do indirectly that which he cannot do directly-represent AFY, Inc. at the same time he is representing individuals who assert ownership of, co-obligor relationships with, and potential claims against the corporation.] AFY is a Nebraska corporation, and thus is a separate legal entity from its shareholders. Further, based on earlier hearings and evidence in this case, there remains a genuine dispute as to who may be the proper shareholders of AFY, or at least who may have the voting control of AFY, and to this Court's knowledge, no court has adjudicated that issue. In any event, the shareholders of a corporation cannot appear

---

[6] As previously discussed, it is well-established that "the law does not allow a corporation to proceed pro se." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). *See also* 1983 Advisory Committee Notes to Bankruptcy Rule 9010(a) ("This rule is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing pro se. *See In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978).").

6

>and make objections that belong to the corporation. *See, e.g., Weimer v. Amen*, 455 N.W.2d 145, 157 (Neb .1990) (a shareholder may bring a derivative action to enforce a cause of action belonging to a corporation only after the corporation refuses to bring suit); *Kubik v. Kubik*, 683 N.W.2d 330, 343 (Neb.2004) (same).
>
>　　　* * *
>
>　　　Further, AFY is not otherwise represented in this proceeding and has not objected to the Chapter 11 trustee's request for conversion of the case to Chapter 7. By failing to resist, AFY has waived any objection to the conversion. Waiver may be found where a party fails to raise an issue, despite a full and fair opportunity to do so. *In re Armstrong*, 201 B.R. 526, 532 (Bankr. D.Neb. 1996). Therefore, AFY has consented to the conversion, or at least waived any right to object to it, and the motion should be granted.

(Bankr.Ct. filing 242.)

Again, I find no evidence that Robert Sears and Korley Sears were aggrieved by the bankruptcy court's order. Even assuming that they were entitled to be heard in the bankruptcy court under authority of 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."), it does not necessarily follow that they have standing to file an appeal. *See Greater Southeast Community Hosp. Foundation, Inc. v. Potter,* 586 F.3d 1, 6 (D.C.Cir. 2009) (§ 1109(b) "applies only to 'a case under this chapter,' that is, under Chapter 11 of the Bankruptcy Code, and Chapter 11 governs only proceedings in the bankruptcy court, not appeals therefrom."); *In re PWS Holding Corp.*, 228 F.3d 224, 248-49 (3d Cir. 2000) (§ 1109(b) "confers broad standing at the trial level" but "courts do not extend that provision to appellate standing"); *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1502 (10th Cir. 1994) ("Section 1109(b) says nothing about a party's standing

7

to appeal."). "Because Section 1109(b) expands the right to be heard in a Chapter 11 proceeding to a wider class than those who qualify under the 'person aggrieved' standard, courts considering the issue have concluded that merely being a party in interest is insufficient to confer appellate standing." *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 541 (D.D.C. 2008) (citations and internal punctuation omitted), *aff'd*, 586 F.3d 1 (D.C.Cir. 2009).

Because the Chapter 11 trustee (appellee) did not raise the issue of whether Robert Sears and Korley Sears have standing to appeal either from the order authorizing payment of sale proceeds or from the order converting the bankruptcy case to a Chapter 7 proceeding, I will permit both sides to address the issue now. Accordingly,

IT IS ORDERED:

1. The appellants are directed to show cause, on or before March 4, 2011, why their appeals should not be dismissed for lack of jurisdiction.

2. The appellee shall respond to the appellants' showing on or before March 21, 2011.

3. The appellants may reply on or before March 31, 2011.

February 14, 2011.            BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.