IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT A. SEARS and KORLEY B. SEARS, | ) ) ) | 8:10CV214 |
| Appellants, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| JOSEPH H. BADAMI, Chapter 11 Trustee, | ) ) ) | |
| Appellee. | ) ) ) | |
| IN RE AFY, INC., | ) ) | Bankruptcy Case No. 10-40875 |
| Debtor. | ) ) | |

On February 11, 2011, the appellants, Robert Sears and Korley Sears, were ordered to show cause why their appeals from two orders entered in a voluntary Chapter 11 bankruptcy proceeding initiated by AFY, Inc., should not be dismissed for lack of jurisdiction. The appellants have now responded to the order and the Chapter 11 trustee has replied. After careful consideration of the parties' briefs and evidence, I conclude the appeals must be dismissed for lack of jurisdiction.[1]

As explained in my previous memorandum and order, the appellants purport to appeal "individually and on behalf of Sears Cattle Co., of which they are the sole directors, officers, and shareholders," from a bankruptcy court order authorizing the Chapter 11 trustee to pay a secured creditor the entire net proceeds from the sale of

---

[1] An earlier appeal filed by Robert Sears and Sears Cattle Co. was dismissed as moot on September 15, 2010 (filing 39), but entry of judgment was withheld pending disposition of these appeals.

a tract of land which was jointly owned by Sears Cattle Co. and AFY, Inc. Robert Sears and Korley Sears do not have personal standing to appeal from this order and they cannot represent Sears Cattle Co.[2] Robert Sears and Korley Sears also lack standing to appeal from an order entered by the bankruptcy court granting the trustee's motion to convert AFY, Inc.'s Chapter 11 reorganization into a Chapter 7 liquidation.

Appellants argue that the notice of appeal concerning the order to pay funds was "ineptly" worded but manifested a clear intent to include Sears Cattle Co. as a party. I disagree. The notice of appeal was carefully worded, employing the same phrasing that was used in the objection filed to the trustee's motion to pay funds, to indicate that the filings were made by Robert Sears and Korley Sears "individually and on behalf of Sears Cattle Co." (Filing 29 (notice of appeal), Bankruptcy court filing 197 (objection to motion to pay funds).)[3] The notice of appeal also contains a listing of "[t]he names of all parties to the contested matter in which the order was

---

[2]As discussed in my previous memorandum and order, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). *See also United States v. Van Stelton*, 988 F.2d 70 (8th Cir.1993) (per curiam) (corporation that was not represented by counsel was not party to appeal; corporation cannot appear pro se).

[3] The appellants contend their attorney, Jerrold Strasheim, also entered an appearance on behalf of Sears Cattle Co. at the hearing on the trustee's motion to pay funds, but the record does not establish this fact. When asked to enter an appearance, Mr. Strasheim stated that he was appearing "on behalf of the objectors." (Bankruptcy court filing 262 (transcript), at 5:4-5.) When next asked by the bankruptcy court judge to identify the objectors, Mr. Strasheim stated "I better look to make sure" and then responded, "Robert Sears and Korley Sears and on behalf of Sears Cattle." (*Id.*, at 5:7-13.) Either Mr. Strasheim misread the filed objection by omitting the word "individually" or else the transcription of his statement is imperfect. In any event, the bankruptcy court's order reflects that Mr. Strasheim only "appeared for Stockholders Korley B Sears, Robert A Sears." (Bankruptcy court filing 211 (text entry).)

2

entered that is appealed from and the names and addresses of their respective attorneys." (Filing 29.) This listing shows that Robert Sears and Korley Sears are represented by Jerrold Strasheim; there is no mention of Sears Cattle Co. being a party or being represented by Mr. Strasheim. The signature block on the notice of appeal only lists "Robert A. Sears and Korley B. Sears" as the appellants. (Filing 29.)

The appellants have also failed to identify any evidence in the record to show that they are "persons aggrieved" by the bankruptcy court's orders.[4] With respect to the notice of appeal from the order converting the bankruptcy case to a Chapter 7 proceeding, Robert Sears and Korley Sears argue they have standing because (1) they are stockholders of AFY, Inc., and the bankruptcy estate is solvent; (2) the conversion increased their burdens and impaired their rights; (3) they are parties in interest under 11 U.S.C. § 1109(b); and (4) the Chapter 11 trustee acted in bad faith.

The appellants' first argument relates to an exception to the general rule that a debtor in a Chapter 7 proceeding is not a "person aggrieved" by an order allowing claims against the bankruptcy estate. The exception applies "when it appears that, if the contested claims are disallowed, there may be a surplus of assets to be returned

---

[4] "Standing to appeal in a bankruptcy case is limited to 'persons aggrieved' by an order of the bankruptcy court. *Gen'l Motors Acceptance Corp. v. Dykes* (*In re Dykes*), 10 F.3d 184, 187 (3d Cir.1993). Originally set forth in the Bankruptcy Act of 1898, the 'persons aggrieved' test now exists as a prudential standing requirement that limits bankruptcy appeals to persons 'whose rights or interests are "directly and adversely affected pecuniarily" by an order or decree of the bankruptcy court.' *In re Dykes,* 10 F.3d at 187 (citing *In re Fondiller*, 707 F.2d 441, 443 (9th Cir.1983)). '[P]erson[s] aggrieved' must show the order of the bankruptcy court 'diminishes their property, increases their burdens, or impairs their rights.' *In re PWS Holding Corp.*, 228 F.3d at 249 (citing *In re Dykes*, 10 F.3d at 187). Whether someone is a person aggrieved is normally a question of fact. *In re Dykes*, 10 F.3d at 188." *In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 (3rd Cir. 2004) (footnotes omitted). "Appellate standing in the bankruptcy context is more restrictive than Article III standing, which need not be financial and need only be 'fairly traceable' to the alleged illegal action." *Id.*, at 215 (internal quotations and citation omitted).

3

to the bankrupt, [in which event] the bankrupt is considered to have standing to contest the claims." *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 707 (8th Cir. 1979). It is obvious this exception has no application here. The determinative question is not whether AFY, Inc., has standing to appeal from the bankruptcy court's order converting the Chapter 11 reorganization into a Chapter 7 liquidation – Robert Sears and Korley Sears do not even purport to be representing the corporation in their appeal from that order – but, rather, whether the appellants have standing to appeal because of their alleged derivative interest in the corporation's assets. As a matter of law, the answer is "No." *See, e.g., In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364-65 (6th Cir. 2002) (holding that shareholders must demonstrate a "direct, personal interest" in the bankruptcy court's order.)

The appellants' second argument is not substantially different. The burdens and impairments they claim the conversion order caused are to AFY, Inc., as the debtor in bankruptcy. As discussed above, even if Robert Sears and Korley Sears have an ownership interest in the corporation, this does not make them "persons aggrieved" by the bankruptcy court's order. "To the contrary, courts have consistently held that officers and shareholders of creditor corporations may not appeal bankruptcy orders, in their own names, where the corporation is the party aggrieved by the orders because any injury to the officer or shareholder is indirect rather than direct." *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 541 (D.D.C. 2008), *aff'd*, *Greater Southeast Community Hosp. Foundation, Inc. v. Potter*, 586 F.3d 1 (D.C.Cir. 2009).

The appellants' third argument was addressed in my previous memorandum and order. Section 1109(b), which provides that "[a] party in interest . . . may raise and may appear and be heard on any issue in a case under [Chapter 11]," does not confer standing to appeal. *See Greater Southeast Community Hosp. Foundation, Inc. v. Potter,* 586 F.3d 1, 6 (D.C.Cir. 2009) (§ 1109(b) "applies only to 'a case under this chapter,' that is, under Chapter 11 of the Bankruptcy Code, and Chapter 11 governs only proceedings in the bankruptcy court, not appeals therefrom."); *In re PWS*

4

*Holding Corp.*, 228 F.3d at 248-49 (§ 1109(b) "confers broad standing at the trial level" but "courts do not extend that provision to appellate standing"); *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1502 (10th Cir. 1994) ("Section 1109(b) says nothing about a party's standing to appeal."). "Because Section 1109(b) expands the right to be heard in a Chapter 11 proceeding to a wider class than those who qualify under the 'person aggrieved' standard, courts considering the issue have concluded that merely being a party in interest is insufficient to confer appellate standing." *Advantage Healthplan, Inc.*, 391 B.R. at 541 (citations and internal punctuation omitted). The fact that the bankruptcy court granted Robert Sears and Korley Sears a hearing on their objection to the trustee's motion does not mean they have the right to appeal from the court's order granting the motion.

The appellants' fourth argument is that the "shareholder standing rule"[5] allows them to prevent the conversion to Chapter 7 because the Chapter 11 trustee acted in bad faith by filing the motion to convert and ignoring the protection that is afforded to a farmer debtor under 11 U.S.C. § 1112(c) (providing that "[t]he court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer . . ., unless the debtor requests such conversion."). While a shareholder may have standing to bring a derivative action where the corporation's management has refused to do so, the rule does not give shareholders the right to block actions that are taken by the corporation (or, in this case, by the trustee acting for the corporation). In effect, the appellants are challenging the bankruptcy court's determination that their objection to the trustee's motion was "irrelevant."[6] I find no fault in the

---

[5] The shareholder standing rule "is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good-faith business judgment." *Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990).

[6] The bankruptcy court observed that one reason it had appointed a Chapter 11 trustee was because disputes had arisen between Robert and Korley Sears and other members of the Sears family as to who actually owned and controlled the voting

5

bankruptcy court's analysis, and conclude that Robert Sears and Korley Sears lack

---

rights of shares of stock in AFY, Inc. The corporation had been represented in the bankruptcy case by Mr. Strasheim, but he was granted leave to withdraw on June 11, 2010, because of the conflict of interest. The court emphasized that no substitute counsel had entered an appearance for AFY, Inc., and ruled that Robert Sears and Korley Sears could not act for the corporation in objecting to the conversion. The court stated:

> The objection filed by Robert and Korley to the Chapter 11 trustee's motion to convert is, quite simply, irrelevant. They are not the debtor. The real and only question is whether AFY has requested conversion or at least consented to conversion. It is particularly important to note that AFY has *not* objected to the Chapter 11 trustee's motion to convert the case to Chapter 7. Further, no attorney has entered an appearance subsequent to Mr. Strasheim's withdrawal of representation of AFY. Robert and Korley cannot now show up as the purported shareholders of AFY and begin exercising the rights and privileges of AFY. AFY is a Nebraska corporation, and thus is a separate legal entity from its shareholders. Further, based on earlier hearings and evidence in this case, there remains a genuine dispute as to who may be the proper shareholders of AFY, or at least who may have the voting control of AFY, and to this Court's knowledge, no court has adjudicated that issue. In any event, the shareholders of a corporation cannot appear and make objections that belong to the corporation. . . .
>
> Joseph H. Badami is the duly appointed Chapter 11 trustee of AFY. As such, the trustee has been empowered to administer the bankruptcy estate and is obligated to, among other things, file a plan or recommend conversion of the case. 11 U.S.C. § 1106(a)(5). Accordingly, the trustee has, on behalf of the debtor, requested conversion. Trustees routinely take action and pursue claims in the shoes of the debtor. . . . Nothing in the Code indicates that the debtor's right to request conversion is somehow excluded from the trustee's powers. In fact, it seems the trustee is specifically authorized to request conversion on behalf of the debtor and the estate.

(Bankruptcy court filing 242 (emphasis in original; footnote omitted).)

standing to appeal from the conversion order.

Although I have responded only briefly to the appellants' various arguments, and have not set forth those arguments (or the trustee's counter-arguments) in detail, I think further discussion is unnecessary. It is apparent that Robert Sears and Korley Sears do not have standing to appeal from the bankruptcy court's orders authorizing the Chapter 11 trustee to pay funds and converting the bankruptcy case to a Chapter 7 proceeding. It is also apparent that Sears Cattle Co. did not appeal from the order authorizing the trustee to pay funds, and that Robert Sears and Korley Sears cannot appeal on the corporation's behalf.

Accordingly,

IT IS ORDERED:

1. The appeals filed in this court on September 10, 2010 (filing 29), and September 15, 2010 (filing 38) are dismissed for lack of jurisdiction.

2. Final judgment shall be entered by separate document.

3. Pursuant to the court's memorandum and order filed on September 15, 2010 (filing 39), final judgment shall also be entered by separate document dismissing as moot the appeal filed in this court on June 2, 2010 (filing 1).

May 11, 2011.                                    BY THE COURT:

                                                 *Richard G. Kopf*
                                                 United States District Judge

7